# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID MORAVEC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:14-CV-901 NAB |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of David Moravec's (Moravec) application for disability insurance benefits under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 8.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court heard oral argument in this matter on August 19, 2015. Based on the following, the Court will affirm the Commissioner's decision.

**I.     Issues for Review**

Moravec presents two issues for review. First, he contends that the administrative law judge's (ALJ) residual functional capacity (RFC) determination was not supported by substantial evidence. Second, Moravec contends that the hypothetical question to the vocational expert did not capture the concrete consequences of his impairment; therefore, did not constitute substantial

evidence. The Commissioner contends that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

## II. Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security Administration (SSA) uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity[1]. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix to the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's RFC to perform past relevant work. 20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfies all of the

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done or intended for pay or profit. 20 C.F.R. § 404.1510.

2

criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 404.1520(a)(4)(v).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;
>
> (3) The medical evidence given by the claimant's treating physicians;
>
> (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
>
> (5) The corroboration by third parties of the claimant's physical impairment;
>
> (6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and
>
> (7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

**III. Discussion**

    **A.    RFC Determination**

Moravec made an application for disability insurance benefits in December 2009. (Tr. 128-129.) Moravec's alleged onset date was June 1, 1995 and he was last insured for disability insurance benefits on December 31, 2002. (Tr. 1420.)

The ALJ found that through the date last insured Moravec had the severe impairments of depression and post-traumatic stress disorder (PTSD). (Tr. 14.) The ALJ determined that through the date last insured, Moravec had the RFC to perform a full range of work at all exertional levels but with the following limitations: (1) limited to work that involves only simple, routine, and repetitive tasks; (2) low stress environment; (3) tasks requiring only occasional decision making; (4) occasional changes in the work setting; (5) no interaction with the public; and (6) casual and infrequent contact with co-workers and supervisors concerning work duties (when those duties are being performed satisfactorily) occurring no more than four times per workday.

The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 404.1545(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[2] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall*, 274 F.3d at 1217. An RFC determination made by an

---

[2] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

4

ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

In considering subjective complaints, the ALJ must fully consider all of the evidence presented, including the claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

> (1) The claimant's daily activities;
>
> (2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;
>
> (3) Any precipitating or aggravating factors;
>
> (4) The dosage, effectiveness, and side effects of any medication; and
>
> (5) The claimant's functional restrictions.

*Polaski v. Heckler*, 725 F.2d 1320, 1322 (8th Cir. 1984). It is not enough that the record contains inconsistencies; the ALJ is required to specifically express that he or she considered all of the evidence. *Id.*

Moravec presents seven reasons why the RFC determination is not supported by substantial evidence. The Court will address each in turn.

### 1. Substantial Gainful Activity

First, Moravec asserts that the ALJ made inconsistent findings when determining that Plaintiff worked above the substantial gainful activity level from 1995 to 1997 and then found that Plaintiff could not perform his past relevant work. Moravec states that the ALJ's decision reaches inconsistent results with the same evidence.

The ALJ noted that Moravec's earnings record during the relevant time period only showed earnings between 1995 and 1997, and very minimal earnings in 1999 and 2000. (Tr. 14.)

The ALJ then stated, "It appears the earnings are above the level of substantial gainful activity. However, the claimant did not have any earnings above the level of substantial gainful activity after 1997." (Tr. 14.) During the analysis at step four, the ALJ considered Moravec's entire work history along with other factors and determined that Plaintiff was limited to unskilled work; therefore, he could not perform his past relevant work. (Tr. 23.)

As noted above, substantial gainful activity is work that involves doing significant and productive physical or mental duties and is done or intended for pay or profit. 20 C.F.R. § 404.1510. Moravec's earnings between 1995 and 1997 exceeded the statutory presumption of substantial gainful activity. 20 C.F.R. § 1574(b)(2) (presumed substantial gainful activity if earnings exceed $500.00). The ALJ could have ended his analysis of Moravec's claim of disability between 1995 and 1997 at step two, but continued the five-step analysis for the entire period between 1995 and 2002. *See* 20 C.F.R. § 404.1520(a)(4)(i) (if a claimant is doing substantial gainful activity, the SSA will make a finding of not disabled).

First, the Court notes that the substantial gainful activity analysis at step one and the RFC analysis in step four are very different. "Each step in the disability determination entails a separate analysis and legal standard." *LaCroix v. Barnhart*, 465 F.3d 881, 888, n. 3 (8th Cir. 2006). Assuming the ALJ erred, reversal and remand is not required if the ALJ's error was harmless and did not affect the outcome of the claim. To show that an error was not harmless, a claimant must provide some indication that the ALJ would have decided the case differently if the error had not occurred. *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012). Ultimately, the ALJ found that Moravec was not disabled during any of the time period; therefore it does not matter that the ALJ found he performed substantial gainful activity between 1995 and 1997.

There is no indication that the ALJ would have decided this action differently; therefore assuming any error reversal and remand is not required. *Id.*

## 2. Third-Party Statement

Next, Moravec contends that the ALJ improperly considered his mother's third party statement regarding his activities of daily living. The ALJ is required to carefully consider any information submitted by a claimant about her symptoms, including observations by other persons. 20 C.F.R. § 404.1529(c)(3). SSR 96-7p requires an ALJ, when determining the credibility of a claimant's statements, to "consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." SSR 96-7p. Though SSR 96-7p mandates that an ALJ consider the testimony of "other persons," it is well established that an ALJ is free to reject such testimony. *See Black v. Apfel*, 143 F.3d 383, 387 (8th Cir. 1998); *Ostronski v. Chater*, 94 F.3d 413, 419 (8th Cir. 1996). The Eighth Circuit, in *Black v. Apfel*, held that where an ALJ has properly discredited the complaints of the claimant, the ALJ is equally empowered to reject the cumulative testimony of lay witnesses. *Black*, 143 F.3d at 387. Furthermore, in *Ostronski*, the Eight Circuit found it "acceptable" for the ALJ to reject the testimony of the claimant's mother, sister, and husband where the witnesses were not qualified to render an opinion on the claimant's ability to work, their testimony merely corroborated the claimant's testimony, and their testimony conflicted with the medical evidence regarding the claimant's functional capacities. *Ostronski*, 94 F.3d at 419.

On February 27, 2011, Moravec's mother, Dorothy Moravec, reported on Moravec's daily activities. (Tr. 1477.) She stated that Moravec was depressed and suffered from PTSD.

7

(Tr. 1477.) She stated that Moravec was a full time student and went to school Monday through Thursday during the day. (Tr. 1477.) She also stated that Moravec studied most weekends. (Tr. 1477.) She reported that Moravec lived with her and worked around the house, doing all the repairs that needed to be done. (Tr. 1477.) She also stated that Moravec did not have a temper and was fatigued all day. (Tr. 1477.)

Moravec's mother completed a Third Party Activities of Daily Living Questionnaire regarding Moravec on December 11, 2001. (Tr. 1478-1481.) Moravec's mother wrote that she and Moravec usually watched TV or went shopping together and she saw him often. (Tr. 1478.) His mother noted that Moravec had trouble getting started in the morning, he had no energy, and his joints ached. (Tr. 1479.) She wrote that he leaves home once a day, he goes to college, and keeps appointments. (Tr. 1479.) She also wrote that he did not need help when going places or caring for his personal needs. His mother wrote that he does yard work and does not have any trouble finishing tasks or chores. (Tr. 1480.) She also noted that he attended church once a week, but does not do anything for fun or enjoyment. (Tr. 1479.) Moravec's mother indicated that she did not notice any changes in the way that he gets along with others since his condition began and that certain situations or activities did not cause him to become stressed or upset. (Tr. 1480.) Moravec's mother indicated she did not know about his ability to follow written or verbal instructions, whether his drug and alcohol use interferes with his daily functioning, or whether his condition keeps him from working. (Tr. 1481.) She indicated that she has observed him become easily fatigued and experience pain after a half hour of activity. (Tr. 1481.)

The ALJ mentioned Moravec's mother's comments several times in the ALJ's opinion (Tr. 15, 21-22.) The ALJ stated as follows:

> Third party statements in the record (Ex. 6E and 7E) describe
> the authors' opinions about what they observed the claimant

> do, but these do not establish that the claimant is disabled, only that the statements are consistent with the claimant's allegations. There is no indication that they were medically trained to make exacting observations as to dates, frequencies, types of degrees of medical signs and symptoms, or of the frequency or intensity of unusual moods or mannerisms. Most importantly, and similar to the finding of the undersigned with regard to the claimant's testimony, the statements do not explain why the claimant's observed behaviors exist and continue to exist, and they are inconsistent with the opinions and observations of trained medical personal (sic) that have been given great weight because they are in conformity with the contemporaneous medical record, including, the State agency psychological consultant.

(Tr. 22.) Moravec asserts that his mother's statements regarding his activities did not show activities that lasted 8 hours, 5 days a week and the daily activities were minimal at best. The ALJ's consideration of Moravec's mother's statements was not improper. Her statements were not the only factors used in the ALJ's credibility analysis. The ALJ also considered Moravec's working during the period of alleged disability, his full-time attendance at school, and his medical records. The ALJ was also free to reject her testimony as cumulative. Therefore, the ALJ properly considered Moravec's mother's statements.

### 3. College Attendance

Next, Moravec claims that the ALJ did not discuss the length of his school and how it showed that he would be able to engage in substantial gainful activity, competitive work, 8 hours per day, five days a week.

It is appropriate for the ALJ to consider a substantial daily activity, such as college attendance, when assessing the severity of a claimant's impairments during the alleged period of disability. *See Forte v.* Barnhart, 377 F.3d 892, 896 (8th Cir. 2004) (ALJ noted that claimant attended classes and drove); *Tennat v. Apfel*, 224 F.3d 869, 871 (8th Cir. 2000) (proper for district

court to consider plaintiff's part time college attendance as inconsistent with disability). The ALJ did not use Moravec's college attendance as the sole factor to determine his credibility or form the RFC determination. Moravec's college attendance was one factor of many that supported the ALJ's determination that Moravec's impairments were not as severe as he alleged. Therefore, the ALJ's consideration of his college attendance was not improper.

### 4. Effectiveness of Medication

Moravec then contends that the ALJ improperly relied upon the successful use of medication to treat his symptoms to form the RFC determination. Moravec asserts that the medical evidence showing that he had a series of hospitalizations and suicide attempts outweighs the evidence regarding his successful treatment. The ALJ noted that Moravec's medications were relatively effective in controlling his symptoms and when he was compliant with his medications, he did well. (Tr. 21.) "Well-established Eighth Circuit case law supports an ALJ's consideration of improvement in a claimant's condition when evaluating a disability claim. *See Bernard v. Colvin*, 774 F.3d 482, 488 (8th Cir. 2014) (ALJ could consider stabilization of claimant's symptoms when he was compliant with medication); *Mittlestadt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000) (no medical evidence to refute ALJ's finding that claimant's medical conditions were controlled by medication and there was no support for a finding of total disability). If an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Wildman v. Astrue*, 596 F.3d 959, 965 (8th Cir. 2010). Therefore, the ALJ did not err in his consideration of Moravec's successful treatment with medication.

### 5. Noncompliance with Medication

Next, Moravec contends that the ALJ did not follow the proper procedure when considering that his condition worsened when he was noncompliant with medication. As stated

above, the ALJ found that when Moravec was compliant with his medications, he did well and his condition improved substantially. (Tr. 18-21.) "A claimant's noncompliance can constitute evidence that is inconsistent with a treating physician's medical opinion, and therefore can be considered in determining whether to give that opinion controlling weight." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010); *Choate v. Barnhart*, 457 F.3d 865, 872 (8th Cir. 2006) (ALJ may properly consider noncompliance in determining claimant's credibility). The ALJ did not err in using Moravec's noncompliance as one of many factors in his assessment of Moravec's credibility.

### 6. Veterans Affairs Disability Rating

Then, Moravec states that the ALJ failed to properly consider the dictates of Social Security Ruling 06-03p, which requires the Commissioner to consider the evidence of a disability determination by another governmental or nongovernmental agency. SSR 06-03-p, 2006 WL 2329939 at 6-7 (Aug. 9, 2006). The ALJ considered the Veterans Affairs' (VA) 60% disability rating for Moravec, but gave it no weight. (Tr. 22.) The ALJ correctly noted that the Social Security Administration is not bound by the VA's decision to award disability benefits. (Tr. 22.) S*ee Pelkey v. Barnhart*, 433 F.3d 575, 579 (8th Cir. 2006) (the ALJ should consider the VA's finding of disability, but is not bound by the disability rating of another agency when evaluating whether claimant is disabled for purposes of social security benefits). Social security disability determinations are based on social security law. 20 C.F.R. § 404.1504. The ALJ noted that the VA's rating decision declined to find that Moravec was unable to work and did not provide specific medical evidence on which the determination is based. (Tr. 22, 625.) The Court finds that the ALJ properly considered the VA's disability rating. The fact that the ALJ gave the VA's rating decision no weight does not mean that it was not considered.

### 7. Medical Opinion Evidence

Next, Moravec contends that the ALJ improperly considered the medical opinion evidence and relied upon a nonexamining physician to support the RFC determination. All medical opinions, whether by treating or consultative examiners are weighed based on (1) whether the provider examined the claimant; (2) whether the provider is a treating source; (3) length of treatment relationship and frequency of examination, including nature and extent of the treatment relationship; (4) supportability of opinion with medical signs, laboratory findings, and explanation; (5) consistency with the record as a whole; (6) specialization; and (7) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c). Generally, a treating physician's opinion is given controlling weight, but is not inherently entitled to it. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006). A treating physician's opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007). A treating physician's opinion will be given controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 404.1527(c). "Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation." *Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000). In making a disability determination, the ALJ shall always consider the medical opinions in the case record together with the rest of the relevant evidence in the record. 20 C.F.R. §§ 404.1527(b), 416.927(b); *see also Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009). "[T]he ALJ is not qualified to give a medical opinion but may rely on medical

evidence in the record." *Willcockson v. Astrue*, 540 F.3d 878, 881 (8th Cir. 2008). According to SSR 96-6p, "[a]t the administrative law judge and Appeals Council levels, RFC assessments by State agency medical or psychological consultants or other program physicians or psychologists are to be considered and addressed in the decision as medical opinions from nonexamining sources about what the individual can still do despite his or her impairment(s)." SSR 96-6p, 1996 WL 374180 (July 2, 2006). These opinions "are to be evaluated considering all of the factors set out in the regulations for considering opinion evidence." *Id.*

Based upon a review of the evidence in the record as a whole, the Court finds that the ALJ did not err in its consideration of the medical opinion evidence in this case. A review of the record as a whole demonstrates that Moravec has some restrictions in his functioning and ability to perform work related activities, however, he did not carry his burden to prove a more restrictive RFC determination. *See Pearsall*, 274 F.3d at 1217 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC). As an initial matter, the ALJ "is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians. *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). The RFC determination is based on all of the evidence in the medical record, not any particular doctor's treatment notes or medical opinion. *Pearsall*, 274 F.3d at 1217 (8th Cir. 2001). Therefore, the RFC does not have to mirror any particular doctor's opinion, because the RFC is based upon all of the evidence in the record as a whole, including the claimant's treatment records and an assessment of the claimant's credibility. Second, the ALJ did not err in consideration of the global assessment functioning[3] (GAF) scores. The Eighth Circuit has held that when an ALJ considers an assessment, the ALJ necessarily considers the GAF scores

---

[3] Global Assessment Functioning score is a "clinician's judgment of the individual's overall level of functioning. Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. Text Rev. 2000) ("DSM-IV-TR").

contained within the assessment. *Wright v. Astrue*, 489 Fed. App'x 147, 149 (8th Cir. 2012) (citing *Bradley v. Astrue*, 528 F.3d 1113, 1115-1116 n.3 (8th Cir. 2008)). Therefore, the ALJ considered the GAF scores, even if they were not specifically mentioned.

### B. Vocational Expert Testimony

Finally, Moravec states that the hypothetical question to the vocational expert did not capture the concrete consequences of his impairment; therefore, the testimony did not constitute substantial evidence. "Testimony from a vocational expert constitutes substantial evidence only when based on a properly phrased hypothetical question." *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996). "[T]he ALJ's hypothetical question must include the impairments that the ALJ finds are substantially supported by the record as a whole." *Id.* "However, the hypothetical need only include those impairments which the ALJ accepts as true." *Grissom v. Barnhart*, 416 F.3d 834, 836 (8th Cir. 2005). A "hypothetical question posed to a vocational expert must capture the concrete consequences of claimant's deficiencies." *Pickney*, 96 F.3d at 297. The Court has already determined that the RFC determination was supported by substantial evidence. Because the ALJ needed only to include those limitations that were supported by substantial evidence in the hypothetical, the VE's testimony constituted substantial evidence.

## IV. Conclusion

For reasons set forth above, the Court affirms the Commissioner's final decision.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 16.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 19th day of August, 2015.

                                              /s/ Nannette A. Baker  
                                              NANNETTE A. BAKER  
                                              UNITED STATES MAGISTRATE JUDGE